WO              IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


BioD, LLC; and BioDlogics, LLC,                    )
                                                   )
                          Plaintiffs,              )
                                                   )
             vs.                                   )
                                                   )
Amnio Technology, LLC; Applied Biologics,          )
LLC; Terrell Suddarth; Pinnacle Transplant         )
Technologies, LLC; and Bruce Werber, D.P.M.,       )
                                                   )        No. 2:13-cv-1670-HRH
                          Defendants               )
_____           )


O R D E R

Motion for Reconsideration

Plaintiffs move for reconsideration[1] of a portion of the court's January 24, 2014

order[2] deciding defendants' motion to dismiss. The court called for defendants' responses[3]

to the motion, which defendants have timely filed.[4]   The court also gave plaintiffs an

---

[1]Docket No. 195.

[2]Docket No. 80.

[3]Order from Chambers, Docket No. 198.

[4]Docket Nos. 205, 208 & 209.

-1-

opportunity to file a reply, which they have timely filed.[5]  Oral argument was requested but is not deemed necessary.

Background

In the order on defendants' motion to dismiss, the court dismissed defendants' unjust enrichment claims (Count Nine), tortious interference claims (Count Ten), aiding and abetting claims (Count Eleven), and conspiracy claims (Count Twelve), all of which were based on allegations that defendants had misappropriated information that did not rise to the level of a trade secret.[6]  The court held that these claims were preempted by the Arizona Uniform Trade Secrets Act (AUTSA).  The court relied on decisions by other Arizona district courts that had predicted that the Arizona Supreme Court would hold that such claims are preempted.  However, in an opinion issued on November 19, 2014, the Arizona Supreme Court has now held "that AUTSA does not displace common-law claims based on alleged misappropriation of confidential information that is not a trade secret." Orca Communications Unlimited, LLC v. Noder, 337 P.3d 545, 546 (Ariz. 2014) (Orca II). Thus, plaintiffs argue that there has been a change in the law and they move for reconsideration of the court's order dismissing their unjust enrichment, tortious interference, aiding and abetting, and conspiracy claims.

---

[5]Docket No. 211.

[6]Order re Motion to Dismiss at 22-27, Docket No. 80.

Discussion

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiffs argue that reconsideration is appropriate because there has been an intervening change in the controlling law

As an initial matter, the parties disagree as to whether plaintiffs' motion is timely. Plaintiffs appear to be bringing their motion for reconsideration pursuant to Local Rule 7.2(g). Local Rule 7.2(g) provides that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Plaintiffs' motion for reconsideration was not filed within fourteen days of the court's order on defendants' motion to dismiss. Rather, it was filed ten months after the court's order. Nonetheless, in the minute order calling for defendants' responses to the instant motion, the court stated "plaintiffs have shown 'good cause' since the change in the law just occurred."[7]

Defendants argue, however, that the change in the law did not just occur because in the Orca II decision, the Arizona Supreme Court affirmed the Arizona Court of Appeals'

---

[7] Order from Chambers at 2, Docket No. 198.

October 17, 2013 published decision, <u>Orca Communications Unlimited, LLC v. Noder</u>, 314

P.3d 89 (Ariz. Ct. App. 2013) (<u>Orca I</u>).  In <u>Orca I</u>, the Arizona Court of Appeals held that

tort claims "based on the misappropriation of confidential information that does not rise

to the level of trade secretion information" were not preempted by the AUTSA.  <u>Id.</u> at 98-

99.  Defendants argue that as a published decision of the Arizona Court of Appeals, <u>Orca</u>

<u>I</u> became "binding precedent when it was published.  It remains so until th[e Arizona Court

of Appeals], in a published opinion, refuses to follow it or it is vacated by [the Arizona]

supreme court." <u>Francis v. Ariz. Dep't of Transp.</u>, 963 P.2d 1092, 1094 (Ariz. Ct. App. 1998).

Defendants acknowledge that <u>Orca I</u> would not have been binding on this court, but they

point out that "'where there is no convincing evidence that the state supreme court would

decide differently, a federal court is obligated to follow the decisions of the state's

intermediate appellate courts.'"  <u>Vestar Development II, LLC v. General Dynamics Corp.</u>,

249 F.3d 958, 960 (9th Cir. 2001) (quoting <u>Lewis v. Tel. Employees Credit Union</u>, 87 F.3d

1537, 1545 (9th Cir. 1996)).  Thus, defendants argue that plaintiffs have known for over a

year that there was an Arizona decision that was contrary to the court's prediction as to

how Arizona courts would rule on the issue at hand but that plaintiffs failed to bring it to

the court's attention until now, which, according to defendants, is too late.  Defendants

point out that plaintiffs were aware of the <u>Orca I</u> decision by at least May 2014 when they

cited it in their opposition[8] to defendant Suddarth's motion for judgment on the pleadings. Because "[g]ood cause' primarily considers a party's diligence in filing the motion," defendants insist that plaintiffs have not shown "good cause" for their delay in bringing the instant motion.  Hulstedt v. City of Scottsdale, 884 F. Supp. 2d 972, 1021 n.27 (D. Ariz. 2012).

In reply, plaintiffs argue that the court has already determined that there was "good cause" here and that is the end of the matter.  Moreover, plaintiffs point out that the court was only required to follow Orca I if there was no "convincing evidence that the highest court of the state would decide differently." Munson v. Del Taco, Inc., 522 F.3d 997, 1002 (9th Cir. 2008) (quoting Wolfson v. Watts, 298 F.3d 1077, 1083 (9th Cir. 2002)).  Plaintiffs argue that this court was entitled to conclude that the Arizona Supreme Court would decide differently given that a majority of courts have held that the Uniform Trade Secrets Act preempts all misappropriation claims even if the information in question does not rise to the level of a trade secret.  Plaintiffs also argue that there would have been no reason for them to file a motion for reconsideration until the Arizona Supreme Court reached a determination on the issue because this court stated that its ruling was based on what the Arizona Supreme Court would decide.  Plaintiffs contend that the issue here is not whether they were aware of Orca I, but whether Orca I was a change in the law on which this court

---

[8]Docket No. 130.

should have relied, which plaintiffs insist that it was not.  Plaintiffs also point out that if Orca I was controlling as defendants seem to be arguing now, then defense counsel had an ethical duty to call the court's attention to this case, which they did not do.  But even if they have not shown "good cause" under the local rule, plaintiffs argue that the court can still consider their motion for reconsideration because the Ninth Circuit has held "that a district court may reconsider its prior rulings so long as it retains jurisdiction over the case." United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004); see also, City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001) ("a district court" has the "power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order").

Plaintiffs have the better argument here.  The court will treat plaintiffs' motion for reconsideration as timely and because there has been a change in the law, the court grants the motion and will reconsider the dismissal of Counts 9-12.

Defendants argue that Counts 9-12 should still be dismissed because plaintiffs have not stated plausible tort claims.  Defendants argue that plaintiffs have either alleged that "confidential information" was misappropriated, without identifying specifically what this information was, or they have alleged that broad categories of information were misappropriated.[9]  Defendants argue that such allegations are not sufficient to show that

---

[9] See Amended Complaint at 4-5, ¶ 19 & 6-7, ¶¶ 29-30, Docket No. 37.

the information in question does not rise to the level of a trade secret.  Defendants also argue that plaintiffs have only pled the elements of these tort claims and have not pled any factual support for these claims.  Defendants argue that plaintiffs' Rule 30(b)(6) deponent, Russell Irvin Olsen, made it clear that plaintiffs have no factual support for these claims because he testified that he believed that defendants could not have brought a product to market as quickly as they did without using information that Suddarth had misappropriated from plaintiffs but he could not identify what specific information had been misappropriated.[10]

Plaintiffs argue that defendants' plausibility argument is improper because defendants could have raised it earlier.  As defendants point out, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"  Valencia v. Ryan, Case No. CV 14–1359–PHX–DGC (JZB), 2014 WL 6668154, at *1 (D. Ariz. Nov. 25, 2014) (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  Plaintiffs contend that defendants' sole basis for seeking dismissal of these tort claims in their motion to dismiss was preemption but that defendants could have raised, but did not, an argument that these claims were not plausible.  Plaintiffs also argue that defendants cannot rely on Olsen's testimony as the underlying motion was a Rule 12(b)(6) motion, not a motion for

---

[10]SEALED Deposition of Russell Irvin Olsen at 27:12-31:18, 184:6-185:6; 242:2-244:24, 274:18-278:25, Exhibit 1, Docket No. 217.

summary judgment.

Contrary to plaintiffs' contention, defendants' sole basis for seeking dismissal of the tort claims in Counts 9-12 was not that these claims were preempted.  Although defendants did not make much of a plausibility argument in their motion to dismiss, they did contend that these claims were "conclusorily pled with no plausible facts sufficient to survive a Rule 12 motion" and that "the bulk of the Amended Complaint remains nothing more than conclusory statements and bare recitals of elements...."[11]  The court has reconsidered whether plaintiffs' tort claims in Counts 9-12 are adequately pled and concludes that plaintiffs have pled sufficient factual support for their claims in Counts 9-12.

Suddarth, however, argues that plaintiffs' claims in Counts 11 and 12  against him should still be dismissed.  "As a general rule, a party cannot be held liable in tort for intentional interference with its own contract."  Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund, 38 P.3d 12, 31 n.19 (Ariz. 2002).  Plaintiffs' aiding and abetting and conspiracy claims are based on their allegations of tortious interference.[12]  But, because an aiding and abetting claim "requires the

---

[11]Amnio Technology and Bruce Werber's Motion to Dismiss the Amended Complaint at 2 & 12, Docket No. 45.

[12]Plaintiffs' Brief in Opposition to Defendant Terrell Suddarth's Motion to Dismiss at 12, Docket No. 66 (arguing that their aiding and abetting and conspiracy claims survive a motion to dismiss because they are based on the intentional interference claim which survives).

secondary tortfeasor to have committed a separate tortious act in concert with the primary tortfeasor[,]" <u>R. Prasad Industries v. Flat Irons Environmental Solutions Corp.</u> Case No. CV 12–8261–PCT–JAT, 2013 WL 2217831, at *9 (D. Ariz. May 20, 2013), Suddarth argues that plaintiffs' aiding and abetting claim against him cannot be based on their interference with contract claim. Similarly, Suddarth argues that "[c]onspiracy is not an independent tort.... Because a party to a contract owes no tort duty to refrain from interference with its performance, he or she cannot be bootstrapped into tort liability by the pejorative plea of conspiracy." <u>Applied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 869 P.2d 454, 459 (Cal. 1994); <u>see</u> <u>also</u>, <u>White v. Land Clearance for Redevelopment Auth.</u>, 841 S.W.2d 691, 695 (Mo. Ct. App. 1992) ("A party to the contract cannot be held responsible for inducing himself to commit a breach or for conspiring to breach it"); <u>Koehler v. Cummings</u>, 380 F. Supp. 1294, 1313-14 (M.D. Tenn. 1971) ("If a party cannot be liable for inducing the breach of his own contract, it is similarly difficult to understand how he might be liable for participating in a conspiracy to induce the breach of his own contract"). Thus, Suddarth argues that plaintiffs cannot state a plausible claim for conspiracy against him.

Although Suddarth could have raised this argument earlier, the court will nonetheless consider it. Because the court has the discretion to "declin[e] to consider an argument raised for the first time on reconsideration[,]" <u>Rosenfeld v. U.S. Dep't of Justice</u>, 57 F.3d 803, 811 (9th Cir. 1995), it necessarily follows that it also has the discretion to

consider an argument raised for the first time on reconsideration.  It would be inefficient to reinstate the aiding and abetting and conspiracy claims against Suddarth only to have Suddarth move for summary judgment on them on legal grounds.  Upon reconsideration, plaintiffs' aiding and abetting and conspiracy claims asserted against Suddarth will not be reinstated.

Conclusion

Plaintiffs' motion for reconsideration[13] is granted.  Upon reconsideration, plaintiffs' Counts 9-12 against Amnio Technology, Werber, and Pinnacle Transplant are reinstated as is plaintiffs' Count 9 against Suddarth.

DATED at Anchorage, Alaska, this <u>12th</u> day of January, 2015.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[13]Docket No. 195.