IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BioD, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Amnio Technology, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| Terrell Suddarth, | ) |
| | ) |
| Counterclaimant, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:13-cv-1670-HRH |
| BioD, LLC, | ) |
| | ) |
| Counterdefendant. | ) |
| _____ | ) |

O R D E R

Appointment of Special Master

Pursuant to Rule 53, Federal Rules of Civil Procedure, the parties' briefing,[1] and the court's prior order granting the request to appoint a discovery master,[2] and for good cause appearing,

IT IS HEREBY ORDERED:

---

[1]Docket Nos. 322-1 (Lodged Under Seal) & 333.

[2]See Docket No. 348.

1.      A master (the "Special Master") is appointed in this matter.  The Special Master is:  The Honorable Jonathan Schwartz (ret.).

Adequate notice and opportunity to be heard with respect to the identification and appointment of a Special Master is deemed to have been achieved based on the parties' prior briefing.  It is the court's finding and conclusion that the appointment of a Special Master in this case at the request of both parties is fair, that the services of a Special Master are justified by the complexity of this case, and will not cause unreasonable expense or delay.  Indeed, the availability of a Special Master will likely expedite resolution of discovery.  The Special Master will address pretrial matters that cannot be effectively and timely addressed by the court.

The court is in receipt of Judge Schwartz's affidavit attesting to the fact that there is no known ground for his disqualification under 28 U.S.C. § 455.

2.      The Special Master shall be entitled to bill for his services at the rate of $350 per hour, and a retainer of $14,000 shall be deposited with the Special Master's firm prior to his undertaking of services (collectively, the "Fees").  If, in the discretion of the Special Master, he determines that other services are needed and may be more economically or efficiently done by others at his firm, the Special Master may use other associates, attorneys, staff, paralegals, or other professionals affiliated with the Special Master's firm at the normal rates charged by the Special Master's firm for such services, and these amounts will be included in the Fees.

3.      The Fees shall be paid 50/50 respectively by the plaintiffs/counter-defendant and the defendants/counter-claimant.  The Special Master shall submit to the parties, and the parties shall pay, his bill for Fees on a monthly basis with each side being fully accountable for the entire amount should one side not pay on a monthly basis.

4.      All Fees paid shall be considered taxable costs in this matter.

5.      The Special Master is to proceed with all reasonable diligence and shall be authorized, have full authority to, and shall do the following:

a.      Perform duties consented to by the parties.

b.      Consider and rule upon the following pending motions as set forth in this court's Order of May 29, 2015;[3]

  i.      Amnio Technology's motion for continued atttorneys' eyes only protection of certain highly confidential information;[4]

  ii.     Plaintiffs' motion to compel production of unredacted batch records;[5]

  iii.    BioD's motion to compel responsive documents;[6] and

  iv.     Amnio Technology's motion to compel compliance.[7]

c.      Consider and regulate the discovery and disclosure obligations, actions and rights of the parties under Rules 26 through 37 and 45, Federal Rules of Civil Procedure (collectively "Discovery").

d.      Take all appropriate measures with regard to Discovery, including, without limitation:

  i.      Ruling on any discovery or disclosure disputes between the parties, motions to compel discovery, motions for protective

---

[3]Docket No. 348.

[4]Docket No. 285, refiled at Docket No. 287.  See also Docket No. 304.

[5]Docket No. 288, refiled at Docket No. 290.  See also Docket No. 305.

[6]Docket No. 298.

[7]Docket No. 325, refiled at Docket No. 347.

Order – Appointment of Special Master                                    - 3 -

orders, and any other motion brought pursuant to Rule 37, Federal Rules of Civil Procedure.

ii.     Conducting an evidentiary hearing and exercising the court's power to compel, take, and record evidence.

iii.    In ruling on or taking measures with regard to Discovery, the Special Master shall be subject to and apply all applicable Federal Rules of Civil Procedure and other applicable statutory and common law governing this matter. Notwithstanding the foregoing, the Special Master is authorized to and may shorten or alter time-frames, alter any page limitation requirements on briefing, or allow for oral presentations if he determines that it would be fair to the parties and more efficient for the parties to do so.

e.     Make recommendations for pre-trial management or other actions that may expedite this matter, make it more economical for the parties, or otherwise enhance the administration of justice in this matter.

f.     The Special Master may by order impose on a party any non-contempt sanction provided by Rule 37 or 45, Federal Rules of Civil Procedure, and may recommend a contempt sanction against a party and sanctions against a non-party.

6.     All recommendations and orders of the Special Master shall be reduced to writing, shall be served on the parties, and shall be promptly filed with the clerk of court. Written submissions received by the Special Master, if any, in connection with the foregoing shall be appended to the recommendations and orders of the Special Master.

Order – Appointment of Special Master                                                         - 4 -

7.      Recommendations of the Special Master will be reviewed and promptly acted upon by the court absent objections from a party.  Orders of the Special Master are subject to <u>de novo</u> review by the court as to matters of law, and otherwise are not reviewable except for abuse of discretion.  Review must be sought no later than three business days after the filing of an order of the Special Master.  The court has reserved the right to impose Rule 37(a)(5) expenses if review of the Special Master's orders or recommendations is sought but denied.

8.      On or before October 5, 2015, the Special Master shall file a report to the court regarding the status of any outstanding Discovery issue that has been raised with the Special Master, whether the parties have acted in good faith with regard to matters brought before the Special Master, and any recommendation(s) that the Special Master may have for Discovery issues or other pre-trial management issues.  A supplemental report shall be filed at least every three months thereafter unless the parties stipulate that such a report is not needed or otherwise ordered by the court.  The Special Master may file a report with the court at any time that the Special Master deems it to be warranted or in the best interest of the parties or justice.  A copy of any report filed by the Special Master shall be promptly served on each party, unless the court orders otherwise.

9.      The Special Master may allow a party to communicate with him by any means the Special Master deems advisable, provided that the other parties are given reasonable notice of the discussion with the Special Master.  Copying the other parties on any e-mail or correspondence directed to the Special Master is sufficient to comply with this requirement.  The parties may contact the Special Master or his staff on an <u>ex parte</u> basis to arrange schedules or take other ministerial actions, provided that the other parties are immediately notified of the communication and its substance.

10.     The Consent Protective Order regarding Confidential Information[8] is amended to permit the Special Master and other associates, attorneys, staff, paralegals, or other professionals affiliated with the Special Master's firm access to material designated in this case as "Confidential" or "Attorneys' Eyes Only."

11.     The Special Master shall be exempt from fees when he uses the PACER system to access documents in this case.

12.     The Special Master will be added to the docket so that he may have electronic access to this case.

DATED at Anchorage, Alaska, this   7th   day of July, 2015.


/s/ H. Russel Holland
United States District Judge

---

[8]Docket No. 74.